```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6-17-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ORLANDO RIOS,

                              Plaintiff,                    13 Civ. 7831 (PKC)
                                                           11 Cr. 568 (PKC)

                 -against-                                 MEMORANDUM
                                                           AND ORDER

UNITED STATES OF AMERICA,

                              Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

                 Petitioner Orlando Rios, who is not represented by counsel and is proceeding pro

se, has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255,

asserting that he was denied the effective assistance of counsel in violation of the Sixth

Amendment.  For the reasons explained, the petition is denied.

                 A district court has flexibility when it reviews evidence submitted on a section

2255 motion.  A hearing usually will not be held unless, "viewing the evidentiary proffers . . .

and record in the light most favorable" to him, the petitioner "may be able to establish at a

hearing a prima facie case for relief."  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

"It is within the district court's discretion to determine whether a hearing is warranted" and the

court may rely on "a wide variety of tools" to develop the record as necessary.  Pham v. United

States, 317 F.3d 178, 180, 184 (2d Cir. 2003) (citations omitted).  In addition to the submissions

of Rios and the government, the Court also has reviewed the affidavit of Rios's former attorney,

William J. Stampur, Esq., regarding Rios's assertions of ineffectiveness.  (11 Cr. 568, Docket #

383.)

On or about July 5, 2011, a grand jury returned an indictment charging fifteen defendants, including Rios, with conspiracy to distribute five kilograms and more of cocaine and one kilogram and more of heroin, in violation of 21 U.S.C. §§ 841 & 846. (11 Cr. 568, Docket # 61.) A superseding indictment of October 2011 added two additional defendants, but the substantive charges remained the same. (11 Cr. 568, Docket # 81.)

After reviewing discovery, Rios's counsel negotiated a plea agreement with the government, whereby Rios was to plead guilty to a superseding information that limited Rios's role in the alleged conspiracy for a period of January 2011 through April 26, 2011, and lowered the quantity of heroin to 100 grams or more. (Opp. Mem. Ex. D.) Under this agreement, Rios was subject to a mandatory minimum of 5 years' incarceration. (Opp. Mem. Ex. D.) The plea agreement also included a provision stating that if Rios was sentenced within the stipulated guidelines range of 70 to 87 months, "the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241 . . . ." (Opp. Mem. Ex. D.)

After conferring with counsel, Rios signed the plea agreement on May 16, 2012. (Opp. Mem. Ex. D.) He pleaded guilty that same day. (Opp. Mem. Ex. E.) During plea allocution, Rios stated that he had reviewed the plea agreement, understood it and had discussed the government's charges with his attorney. (Opp. Mem. Ex. E at 5, 12-13.) He stated that he understood his Constitutional trial rights and the government's corresponding burdens at trial. (Opp. Mem. Ex. E at 7-9.) Rios confirmed that he understood and agreed to waive his rights to directly appeal or collaterally attack his sentence if it fell within or below the stipulated guidelines range. (Opp. Mem. Ex. E at 14-15.) The Court accepted Rios's plea of guilty, and on October 25, 2012, sentenced him to 70 months' imprisonment, which was the minimum of the

stipulated guidelines range set forth in the plea agreement.  (Opp. Mem. Ex. F at 15-18.)  Rios

filed the current motion to vacate, set aside or correct his sentence on October 30, 2013.  (13 Civ.

7831, Docket # 1.)

       Rios's motion is denied in its entirety because he has waived his right to

collaterally challenge his sentence, and, based on the record in his plea allocution, his waiver is

enforceable.  "Waivers of the right to appeal a sentence are presumptively enforceable."  United

States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (quotation marks omitted).  As explained by

the Second Circuit:

> "In no circumstance . . . may a defendant, who has secured the
> benefits of a plea agreement and knowingly and voluntarily waived
> the right to appeal . . . then appeal the merits of a sentence
> conforming to the agreement," for to permit such a defendant to
> escape the fairly bargained-for consequences of her agreement
> with the government would "render the plea bargaining process
> and the resulting agreement meaningless."

United States v. Monzon, 359 F.3d 110, 117 (2d Cir. 2004) (ellipsis in original; quoting United

States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1996) (per curiam)).  If a district court calls

a defendant's attention to the waiver provision and confirms the defendant's understanding of its

terms, that is generally sufficient to establish that the waiver was voluntary and knowing.  United

States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000).

       This Court concluded at the plea allocution that Rios's waiver was knowing and

voluntary.  It stated: "And the Court finds that your plea agreement including the waiver of

appeal and right to collaterally attack it was knowingly and voluntarily entered into."  (Opp.

Mem. Ex. E at 18.)  As noted, Rios's plea agreement states that "the defendant will not file a

direct appeal; nor bring a collateral challenge, including but not limited to an application under

Title 28, United States Code, Section 2255. . . ."  (Opp. Mem. Ex. D.)  At his allocution, Rios

stated that he read the plea agreement, discussed it with his attorney and understood it.  (Opp. Mem. Ex. E at 12-13.)  At the plea allocution, the Court stated, "You have waived your right to appeal or collaterally attack a sentence unless the sentence that the Court imposed is above the stipulated guideline range in the plea agreement.  And in that event the law will only allow you to challenge the sentence on the ground that it is unreasonable or contrary to law.  Do you understand all that?", to which Rios responded, "Yes, sir."  (Id. at 14-15.)  As noted, Rios was sentenced to 70 months' incarceration, which was the shortest sentence included in the negotiated guidelines range.  In his petition, Rios does not contend that he failed to understand the terms of his plea agreement.  The Court is therefore satisfied that Rios knowingly waived his right to collaterally challenge his sentence pursuant to section 2255, and the motion is denied in its entirety.

Separately, even if Rios had not waived his right to collaterally challenge his sentence, the motion would be denied because it fails to make out a claim that his counsel performed below the standard for effectiveness required by the Sixth Amendment.  Under Strickland v. Washington, 466 U.S. 668, 688-90 (1984), a defendant first must overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms.  Second, the defendant must prove prejudice by showing a reasonable probability that but-for counsel's performance, the result would have been different.  Id. at 692-96.  It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome.  Id. at 693.  Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome."  Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994).  This assessment "may be made with the benefit of hindsight."  Id.

First, Rios asserts that his counsel was ineffective because he failed to file a timely direct appeal. (13 Civ. 7831, Docket # 1.) But, as discussed, Rios waived his right to file a direct appeal as part of his plea agreement. (Opp. Mem. Ex. D.) Because the record establishes that Rios knowingly waived his right to direct appeal at the time that he voluntarily entered a plea of guilty, his claim that counsel was ineffective for failing to file a direct appeal is without merit.

Second, Rios asserts that counsel failed to present the Court with evidence of his "actual innocence," presumably at sentencing and/or during plea allocution. Specifically, Rios now contends that he was a customer seeking to purchase narcotics for personal consumption and was not a member of a conspiracy to distribute narcotics. (Petition at 3-6, 8-10.) He states: "There was, in fact, nothing more than petitioner – a drug sick addict – trying to score drugs for himself." (Id. at 11.) This contention directly contradicts Rios's statement in the plea allocution, where he admitted to conspiring to distribute and possessing with intent to distribute 100 grams or more of heroin. (Opp. Mem. Ex. E at 9.) At his plea allocution, Rios stated, "I did conspire to distribute 100 grams with another and I knew that it was wrong and I intentionally, you know, conspired to distribute, buy and distribute." (Opp. Mem. Ex. E. at 16.) Moreover, to the extent that Rios's argument may be construed as contending that his counsel should have more strongly emphasized his narcotics addiction, the Court was fully aware of Rios's addiction to cocaine and heroin, as reflected in the transcripts for his plea allocution and sentencing. (Opp. Mem. Ex. E at 4; Opp. Mem. Ex. F. at 8.) In failing to assert "actual innocence," Rios's lawyer did not fall below the performance required by Strickland.

Third, Rios asserts that his attorney "misinformed" him about the availability of drug-treatment programs and eligibility for halfway house assignment. (Petition at 6-7.)

However, Rios does not come forward with evidence that, had he been informed differently about such programs, "he would not have pleaded guilty and would have insisted on going to trial." <u>Premo v. Moore</u>, 131 S. Ct. 733, 745 (2011). He therefore cannot establish prejudice under <u>Strickland</u>. Further, admission into a Bureau of Prisons-administered Residential Drug Abuse Program is a matter entrusted to the Bureau of Prisons, and may not by bargained for as part of a plea deal or ordered by a court. <u>See</u>, <u>e.g.</u>, <u>Mendez v. United States</u>, 2009 WL 4857490, at *2 (S.D.N.Y. Dec. 11, 2009) (Patterson, J.) (discussing BOP's discretion to administer Residential Drug Abuse Program).

The petition's remaining assertions appear to contend that Rios's counsel manipulated him into entering a plea of guilty. Rios states that his attorney spoke to his family members about the case, thereby "coerc[ing] them into begging me to accept a plea that I was not comfortable with." (Petition at 7.) He asserts that counsel failed to procure him "a reverse proffer to see what evidence the government was to use against me in hopes that attorney would be able to negotiate a plea to one count of facilitation of a phone . . . ." (<u>Id.</u>) Rios argues: "My attorney did not appreciate the fact that I adamantly refused to cooperate with the government . . . so he kept me on the back-burner." (<u>Id.</u> at 7.) Again, these contentions are contrary to the statements that Rios made at his plea allocution. Rios stated that he discussed the charges with his attorney, had sufficient time to weigh his options and was satisfied with his lawyer's representation. (Opp. Mem. Ex. E at 5-6.) After the Court explained Rios's rights to proceed to trial and the government's burdens, Rios confirmed that he wished to plead guilty and forego trial. (<u>Id.</u> at 7-9.) He stated that he read the plea agreement prior to signing it, discussed it with his attorney, and understood its contents. (<u>Id.</u> at 12.) When the Court asked whether "anyone threatened or forced you in any way to enter into a plea agreement or to plead guilty," Rios

answered, "No, sir." (Id. at 12-13.) Rios stated that he had not been offered additional promises or inducements to plead guilty, beyond what was set forth in the plea agreement. (Id. at 13.) Because Rios's factual statements in the petition are contrary to the statements he made at plea allocution, the Court affords them little to no weight. Even if it did, the petition does not articulate how counsel's performance was deficient, or assert that, but-for counsel's conduct, he would not have pleaded guilty and instead gone to trial. Premo, 131 S. Ct. at 745. The Court therefore concludes that this proposed ground for relief is without merit.

CONCLUSION

Rios's motion to vacate, set aside or correct his sentence is DENIED. (11 Cr. 568, Docket # 372.) The Clerk is directed to close the case. (13 Civ. 7831.)

Rios has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 17, 2014

- 7 -